

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

05 MAR 10 AM 9:59

CLERK - LAS CRUCES

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                              CIV 04-0034 MV/LAM
                                                CR 95-538-15 MV

MARCOS MAZZINI,

    Defendant-Movant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

**THIS MATTER** is before the Court on Defendant Marcos Mazzini's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* (Doc. 1) [hereinafter "*2255 Motion*"], the *United States' Motion to Dismiss (Doc. 6), [Defendant's] Reply to the Government's Response, and his Consolidate[d] Memorandum of Facts and Law in Support of 28 U.S.C. & 2255 Motion (Doc. 7)*, Defendant's *Motion to Amend (Doc. 11)*, the United States' *Response to Defendant-Petitioner's Motion to Amend (Doc. 14)*, and Defendant's *Reply to the United States' Response to Defendant-Petitioner's Motion to Amend (Doc. 15)*.

The undersigned United States Magistrate Judge, **RECOMMENDS** that the Motion To Dismiss be **GRANTED**, that Defendant's § 2255 Motion be **DISMISSED with prejudice** both as

---

[1] The parties are notified that within **ten (10) days** after being served with a copy of these Proposed Findings and Recommended Disposition they may file and serve **written objections** with the Clerk of the U.S. District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**



time-barred and without merit, and that his Motion To Amend be **CONSTRUED AS A SUCCESSIVE MOTION AND TRANSFERRED TO THE TENTH CIRCUIT.**

A February 5, 1997 third superseding indictment charged Defendant with twenty-five separate offenses. *United States v. Marcos Mazzini, et al.*, CR 95-538 MV (*Third Superceding Indictment, Docket entry # 1598*). On August 30, 1999, he entered a plea of guilty to four of those counts, including Count 46, and Chief Judge Martha Vázquez imposed sentence accordingly. *Id.* (*Clerk's Minutes Before Judge Martha Vázquez, Docket entry # 2386*). Thereafter, she dismissed the remaining counts with prejudice. *Id.* (*Order by Judge Martha Vázquez, Docket entry # 2393*). On September 24, 1999 judgment entered. *Id.* (*Judgment by Judge Bruce D. Black for Judge Martha Vázquez, Docket entry # 2397*). At no time in the more than four years between entry of judgment and institution of the matter before me did Defendant appeal or pursue post-conviction relief of any sort. *See § 2255 Motion (Doc. 1)* at 2-4.

Motions pursuant to § 2255 are subject to a one-year statute of limitations. Different events trigger the one-year period to run, only two of which are arguably applicable here – "the date on which the judgment of conviction becomes final" or "the date on which [a new right was] recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255.

Defendant's conviction became final in 1999 and he did not file his original § 2255 Motion until 2004, plainly outside the one-year limitation period. *See United States' Motion To Dismiss (Doc. 6)* at 3-4. He attempts to avoid this result by asking permission to amend to raise a claim under the Supreme Court's June 2004 decision in *Blakely v. Washington*, ___ U.S. ___, 124 S. Ct. 2531 (2004). *See Motion To Amend (Doc. 11)* at 3 (if separately paginated). However, since the

2

"Supreme Court *has not* expressly held that the rule announced in *Blakely* is . . . retroactive to cases on collateral review," *Leonard v. United States,* 383 F.3d 1146, 1148 (10th Cir. 2004), the second limitations alternative has not yet begun to run, and does not save the belated filing of Defendant's original § 2255 Motion.

Furthermore, as the United States correctly notes, by raising a substantive *Blakely* argument, technically Defendant's Motion to Amend should be characterized as a "successive" motion under § 2255. I agree. As such, Defendant's Motion to Amend must be transferred to the Tenth Circuit for it to determine whether Defendant can proceed with the *Blakely* claim in light of the Supreme Court's decision in *United States v. Booker,* ___ S. Ct. ___, 2005 WL 50108 (Jan. 12, 2005), despite the patent lack of merit to the claim.[2]

And finally, Defendant's two interrelated claims for habeas relief in his original § 2255 Motion are premised on the mistaken assertion that *another co-defendant,* and not Defendant, was the subject of Count 46. *See Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct*

---

[2] *See United States' Response to Defendant-Petitioner's Motion to Amend (Doc. 14)* at 2-3 and cases cited therein; *see also, e.g., United States v. Price,* ___ F.3d ___, 2005 WL 535361 at **4, 5 (10th Cir. 3/8/05) (holding that "*Blakely* did not announce a watershed rule of criminal procedure that would apply retroactively to initial § 2255 motions" and "*Blakely* does not apply retroactively to convictions that were already final at the time the Court decided *Blakely,* June 24, 2004."); *Bey v. United States,* ___ F.3d ___, 2005 WL 469667 at *2 (10th Cir. 3/1/05) ("*Booker* may not be applied retroactively to second or successive habeas petitions."); *Leonard,* 383 F.3d at 1148 ("The Supreme Court has not expressly held that the rule announced in *Blakely* is . . . retroactive to cases on collateral review for purposes of granting a second or successive § 2255 motion."); *United States v. Lucero,* 2005 WL 388731 at *2 (10th Cir. 2/18/05) ("motion to reconsider in light of *Blakely* construed as successive and transferred to Tenth Circuit; court denied certification because "the rule announced in *Booker* is not retroactive. As such, it cannot serve as the basis for certification of a second or successive § 2255 motion."); *United States v. Leonard,* 2005 WL 139183 at *2 (10th Cir. 1/24/05) ("According to Leonard, the district court improperly enhanced his sentence based on his leadership role and prior convictions. New rules of criminal procedure, however, are applied retroactively only to cases pending on direct review or cases that are not yet final. *Griffith v. Kentucky,* 479 U.S. 314, 328 (1987). Leonard exhausted his direct appeal and his case was 'final' prior to the Supreme Court's decision in *Blakely.* . . . Thus, *Blakely,* as well as the Supreme Court's more recent decision in [*Booker*] have no applicability to Leonard's sentence." (citation omitted.)).

*Sentence by a Person in Federal Custody (Doc. 1)* at 5; *[Defendant's] Reply to the Government's Response, and his Consolidate[d] Memorandum of Facts and Law in Support of 28 U.S.C. & 2255 Motion (Doc. 7)* at . In support of his claims, Defendant submitted as an exhibit one page of an otherwise unidentified indictment. *[Defendant's] Reply to the Government's Response, and his Consolidate[d] Memorandum of Facts and Law in Support of 28 U.S.C. & 2255 Motion (Doc. 7),* Exhibit A.

The document Defendant submitted is different from the *Third Superceding Indictment* to which he pleaded guilty. For the sake of completeness, a copy of that forty-nine page indictment is attached to these proposed findings. On page 48 of that document, Count 46 plainly charged Defendant "MARCOS MAZZINI, a/k/a 'Lucky'" with carrying/use of a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). Thus, the original § 2255 motion is not only time-barred, but is utterly without merit as well.

**WHEREFORE, IT IS HEREBY RECOMMENDED** that the *Motion to Dismiss (Doc. 6)* be **GRANTED,** that Defendant's *Motion Under 28 U.S.C. § 2255 (Doc. 1)* be **DISMISSED with prejudice,** and that his *Motion to Amend (Doc. 11)* be **DEEMED SUCCESSIVE AND TRANSFERRED TO THE TENTH CIRCUIT** under 28 U.S.C. § 2244(b).

*Lourdes Martinez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

**THE EXHIBITS ATTACHED TO THIS PLEADING ARE TOO VOLUMINOUS TO SCAN. SAID EXHIBITS ARE ATTACHED TO THE ORIGINAL PLEADING IN THE CASE FILE WHICH IS LOCATED IN THE RECORDS DEPARTMENT, U.S. DISTRICT COURT CLERK'S OFFICE...**